IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRESLEY T. HENDLEY, #1226176, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:20-cv-3168-E-BN |
| SOUTHERN DESERT CORRECTIONAL CENTER, | | |
| Defendant. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Tresley T. Hendley, an inmate at the Southern Desert Correctional Center, in Indian Springs, Nevada, submitted correspondence to the Court concerning presentence investigation reports ("PSIs") in Nevada criminal proceedings, the only connection to this Court being that Hendley served a Texas sentence in 1996 and 1997, which may be included in the PSIs. *See* Dkt. No. 3.

This correspondence was construed as a *pro se* civil rights complaint. The Court has referred the resulting action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under 28 U.S.C. § 1406(a).

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). This statute provides that venue

is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction. *See* 28 U.S.C. § 1391(b).

"When venue is challenged," *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013) – or, like now, when a district court raises the issue of venue sua sponte, *see, e.g., Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) –

> the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a). ... [But a] case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or [Federal Rule of Civil Procedure] 12(b)(3).

*Atl. Marine Constr.*, 571 U.S. at 56.

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." And it

> allows a transfer where the first forum chosen is improper due to the existence of some obstacle to adjudication on the merits. *[Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967).] The statute specifically refers to "laying venue in the wrong division or district," but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper. *See Bentz v. Recile*, 778 F.2d 1026, 1028 (5th Cir. 1985). ... [A] division or district may be "wrong" under Section 1406(a) when the original court lacks personal jurisdiction. *Id.*

*Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad

enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").

"The district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice under § 1406(a)." *LSF4 Loan Invs. I, LLC v. Weingart*, No. 3:06-cv-419-M, 2006 WL 2370803, at *3 (N.D. Tex. Aug. 15, 2006); *see also Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-cv-1554-N-BN, 2016 WL 4507459, at *4 (N.D. Tex. July 15, 2016) ("[C]ourts have consistently understood that they have broad discretion in deciding whether to transfer or dismiss a case based on improper venue." (collecting cases)), *rec. accepted*, 2016 WL 4494370 (N.D. Tex. Aug. 26, 2016).

Here, the interest of justice compels that the Court dismiss Hendley's case without prejudice under Section 1406(a). As best can be determined based on the construed complaint, if Hendley brings civil claims, they concern the content of the PSIs, which may include a previous Texas criminal judgment. That possibility is the only connection to this venue. Otherwise, the construed complaint appears to concern defendants (if any) who reside in Nevada, and the events or omissions giving rise to Hendely's claim (if any) appear to have occurred in Nevada. Thus, given Hendley's confusing filing, dismissal without prejudice – as opposed to transfer to the District of Nevada – appears to be the most prudent course of action.

## Recommendation

The Court should dismiss this action without prejudice under 28 U.S.C. §

1406(a).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 22, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE